**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**United States of America**,

Plaintiff,

v.

**Joshua Cole Heiser,**

Defendant.

**Case No: 2:17-cr-00014**

**Judge Graham**

**OPINION & ORDER**

This matter is before the Court upon Defendant Joshua Heiser's motion for early termination of supervised release. Doc. 38. In 2017, Mr. Heiser entered pleas of guilty to the crimes of (1) Robbery of a Business, Affecting Interstate Commerce, in violation of 18 U.S.C. §§ 1951 and 2, and (2) Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), and 2. In October of that year, this Court sentenced Mr. Heiser to 1 day of incarceration on Count 1, and 84 months of incarceration on Count 2 (to be served consecutively to the sentence imposed on Count 1). Additionally, the Court sentenced Mr. Heiser to a term of supervised release of 3 years as to Count 1 and 5 years as to Count 2, to be served concurrently. Mr. Heiser began his term of supervision in June 2023 and thus has just under 2 years left. The government opposes his motion. Doc. 39. For the following reasons, the Court **GRANTS** the motion.

"Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances-such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir.

2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Under 18 U.S.C. §3583(e), the Court may

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). Before denying or granting a motion for early termination, the Court must consider the relevant sentencing factors under 18 U.S.C. § 3553(a). *United States v. Tavarez*, 141 F.4th 750, 758 (6th Cir. 2025).

Mr. Heiser's *pro se* motion for early termination of supervised release asserts that he has made remarkable progress while on supervision. He describes his incident-free period of incarceration, his incident-free 6 months in a halfway house, and his incident-free term of supervision, now in its fourth year. He describes restoring his driver's license, finding gainful employment, and purchasing his first home. He emphasizes the importance of his family and his choice to live drug-free. He points to his payment of all fines related to his conviction and claims that his supervising probation officer supports his motion for early termination.

The government opposes his motion, citing the 2 years remaining on his term of supervision as "significant." The government cites no other reason to continue supervising Mr. Heiser; rather, the government confirms that he has had no infractions while on supervision and that he has abided by the terms of his supervision.

The Court respects the government's position here—for a defendant like Mr. Heiser, his strong, legitimate progress can be seen to cut both ways for a motion such as this. What if his progress is *because of* the supportive structure provided by supervision? Supervised release connects defendants to prosocial resources that they may not otherwise be able to access—why cut the cord so soon? These are legitimate concerns, but the Court is ultimately satisfied with the substantial and commendable progress demonstrated by Mr. Heiser. Furthermore, the Court has considered the statutory sentencing factors under 18 U.S.C. § 3553(a), and finds that the factors weigh in favor of early termination. Specifically, the Court finds that the supervision of Mr. Heiser is no longer necessary to afford adequate deterrence and to protect the public. *But see Tavarez*, 141 F.4th at 757 (quoting United States v. Watkins, 625 F.3d 277, 281 (6th Cir. 2010) ("the district court need not 'articulate its analysis of each sentencing factor as long as the record demonstrates that the court considered the relevant factors.'").

Therefore, for the reasons stated above, the Court **GRANTS** Mr. Heiser's motion for early termination of supervised release.

**IT IS SO ORDERED.**

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: August 11, 2026